UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD MONROE, | ) |
|               Petitioner, | ) |
|               v. | ) No. 1:17-cv-02756-JMS-DML |
| WENDY KNIGHT, | ) |
|               Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Todd Monroe for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-03-247[1]. For the reasons explained in this Order, Mr. Monroe's habeas petition must be **denied**.

A. **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] Mr. Monroe also discusses prison disciplinary proceeding no. CIC 17-03-246, but does not challenge his plea or sanctions in that proceeding.

B. **The Disciplinary Proceeding**

1. <u>CIC 17-03-0247 ("Unauthorized Financials Case")</u>

On March 16, 2017, Intelligence Analyst Courtney Fouts wrote a Conduct Report charging Mr. Monroe with B-220, engaging in unauthorized financial transaction, in prison disciplinary proceeding No. CIC 17-03-0247. Dkt. 2-1 at 5; dkt. 10-1. The Conduct Report states:

> On 3/16/2017 at 10:55 AM I, C. Fouts (Intelligence Analyst) was monitoring Offender MONROE, Todd #247933 GTL telephone calls BTN: (765) 427-4853, Date: 03/13/2017, Time: 16:42, BTN: (765) 427-4853, Date: 03/09/2017, Time: 14:54, BTN: (765) 721-6543, Date: 03/08/2017, Time: 20:11, BTN: (765) 427-4853, Date: 03/08/2017, Time: 15:52, BTN: (765) 427-4853, Date: 03/08/2017, Time: 15:02, BTN: (765) 721-6543, Date: 03/06/2017, Time: 15:26, BTN: (765) 721-6543, Date: 03/05/2017, Time: 21 :45, BTN: (765) 721 -6543, Date: 03/05/2017, Time: 21:07, BTN: (765) 721-6543, Date: 03/04/2017, Time: 12:16, BTN: (765) 721-6543, Date: 03/03/2017, Time: 20:14 In my training experience Offender MONROE is making an unauthorized financial transaction. Offender MONROE is in clear violation of Code 220: Engaging in Unauthorized Financial Transaction.

Dkt. 2-1 at 5; dkt. 10-1.

Mr. Monroe was notified of the charge on March 17, 2017, when he received the Screening Report. He pleaded not guilty to the --charge, requested a lay advocate, and did not request any witnesses or physical evidence. Dkt. 2-1 at 2; dkt. 10-2.

The prison disciplinary hearing was held on March 21, 2017. According to the notes from the hearing, Mr. Monroe stated: "[t]his was somebody else on my phone not me." Dkt. 10-4; dkt. 2-1 at 3. During the hearing, the hearing officer also considered Mr. Monroe's phone log transcripts (*see* dkt. 10-5), which revealed a number of calls about transferring money and paying money to different people. The following are some of the call transcripts:

> BTN (765) 427-4853, Date 03/13/2017, Time: 16:42: Larry Lin Friend – Female answered
> T: You never gave that money to my mom to order that other phone number?
> F: No. [] Why?
> T: Because I owed some money out and I'm due on a payment this week.

> F: How much?
> T: Supposed to be a $100 of that number with my mom but I don't care. I'm doing that side shit. I was acting an ass getting high smoking K2 and doing suboxone.
>
> BTN (765) 721-6543, Date: 03/08/2017, Time 20:11 (CDG) 8:35:
> C: Somebody got a hold of me and told me to tell you that he's taken care of everything.
> T: Josh?
> C: Yeah
> T: He's going to send you some money this week.
>
> BTN (765) 721-4853, Date 03/08/2017, Time: 15:02. 7:25:
> T: I don't use [Western Union] . I always use Walmart to Walmart. [Explains how to do the Walmart transaction with Monroe's mother's name][sic].
>
> BTN (765) 721-4853 Date 03/08/2017, Time: 15:52. 3:58:
> T: I need you to go to Kroger and get a Kroger recharge card. The scratch off ones. Buy it and send it to my momma.

Dkt. 10-6; dkt. 10-7. Based on the staff reports, Mr. Monroe's statement, and the call logs, the hearing officer found Mr. Monroe guilty of B-220, unauthorized financial transactions, by a preponderance of the evidence. The sanctions imposed included thirty days of earned-credit-time deprivation.

Mr. Monroe appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    2.    <u>CIC 17-03-0246 ("Trafficking case")</u>

On the same day that Mr. Monroe was charged with B-220, he was also charged with a count of A-111/113, conspiracy/attempting/aiding or abetting in trafficking, in prison disciplinary proceeding No. CIC-17-03-0246. The second Conduct Report states:

> On 03/16/2017 at 10:50 AM I, C. Fouts (Intelligence Analyst) was monitoring Offender MONROE, Todd #247933 GTL telephone call BTN: (765) 721-6543, Date: 03/03/2017, Time: 14:17 to Friend Christina. At 10:04 into the call Offender MONROE stated to Christina "You know a 100 strips is $10,000?" Christina answered "I know." Offender MONROE stated "I mean I don't want you to do

nothing you don't want to do or venture down or go backwards at no point In your life but If you come across any that Is readily available, I have something in the works. I've already paid $1500 I'm waiting on something to come together." In my training experience Offender MONROE is conspiring with Friend Christina to traffic suboxone. Offender MONROE is in clear violation of Code 111/113 Conspiracy/Attempting/Aiding or Abetting - Trafficking.

Dkt. 2-1 at 4; 10-9.

Mr. Monroe was notified of the charge on March 17, 2017, when he received the Screening Report. He pleaded not guilty to the charge, requested a lay advocate, and did not request any witnesses. Dkt. 2-1 at 1; dkt. 10-10. In this screening report, he asked for a "camera review showing I was not the one on the phone on 3 range on [unreadable] by cell 8 & 9 on 3-3-17 at $2^{15}$-$2^{25}$ pm." Dkt. 2-1 at 1; dkt. 10-10. His request for the camera review was denied as not relevant. Dkt. 2-1 at 1; dkt. 10-10.

The prison disciplinary hearing was held on March 23, 2017. According to the notes from the hearing, Mr. Monroe pleaded guilty to a lesser offense of B-247, possession or solicitation of unauthorized personal information. Dkt. 2-1 at 6; dkt. 10-10. The sanctions imposed included sixty days of earned-credit-time deprivation. Mr. Monroe did not appeal his guilty plea or the sentence in the Trafficking case to the IDOC Final Reviewing Authority, but did appeal it to the Facility Head.

C. **Analysis**

Mr. Monroe presents two grounds on which he challenges his prison disciplinary conviction in the unauthorized financials case: (1) he was denied the opportunity to present documentary video evidence; and (2) the unauthorized financials case is duplicative of the trafficking case and therefore it should be dismissed. The respondent responds that Mr. Monroe failed to exhaust his claim of duplicative charges, and in any case relief is not available. Regarding the video evidence, they assert he waived his argument by not requesting documentary evidence

4

in the unauthorized financial case, nor would that evidence be relevant. Mr. Monroe did not file a reply brief and the time to do so has passed.

1. Duplicative Charges

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Because the undisputed record reflects that Mr. Monroe failed to raise the issue of duplicative charges on appeal and thus failed to timely exhaust his available administrative remedies on this ground before filing this action (*see* dkt. 10-7), habeas relief is not available to Mr. Monroe on the grounds that he was subject to duplicative charges.

2. Ground Four: Denial of Evidence

Mr. Monroe alleges that he was improperly denied evidence when he was not permitted video review in his unauthorized financials case.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

As an initial matter, Mr. Monroe did not request any physical evidence in this disciplinary matter. Mr. Monroe was given an opportunity to request evidence when he was screened on March 17, 2017, but he declined to request any evidence or call any witnesses. *See* dkt. 10-2; dkt. 2-1 at 2. That he requested the videos in a ***different*** disciplinary matter (the trafficking case) is of no relevance to this particular disciplinary matter (the unauthorized financials case). His failure to do so in this proceeding served as a waiver of the right to have that evidence at the hearing. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("McPherson was provided with all the procedural protections required by due process . . . . McPherson cannot now demand a new hearing based upon evidence that was available to him at that prior hearing.").

Even if prison officials unjustifiably deny a timely evidentiary request, federal habeas relief is available only if the denial resulted in prejudice (i.e., was not harmless). *Jones*, 637 F.3d at 847–48; *see also Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015). In his trafficking case, Mr. Monroe only requested camera review on March 3, 2017 from 2:15-2:25pm. This video evidence would not have been exculpatory as none of the telephone calls related to the unauthorized financials case occurred at this time. *See* dkt. 10-6; 10-7. Thus, Mr. Monroe was not prejudiced by any alleged denial.

Accordingly, Mr. Monroe is not entitled to habeas relief on the ground of denial of evidence.

D. **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Monroe to the relief he seeks.

Accordingly, Mr. Monroe's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/16/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TODD MONROE
247933
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov